IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CANATELO, LLC,<br><br>**Plaintiff**<br><br>v.<br><br>NUVICO, INC.,<br><br>**Defendant** | **CIVIL NO.** 12-1430 (JAG) |

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Before the Court is a motion to dismiss filed by defendant NUVICO, Inc. ("Nuvico"). (Docket No. 12). Plaintiff Canatelo, LLC ("Canatelo") timely filed a response. For the reasons set forth, the Court **GRANTS** the motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 2012, Canatelo filed a patent infringement action against Nuvico alleging that Nuvico's products, specifically the EasyNet DVRs, infringe upon Canatelo's U.S. Patent Nos. 7,310,111 (hereinafter the "111 patent") and 6,476,858 (hereinafter the "858 patent"). Canatelo seeks to recover damages, legal fees, and costs pursuant to the Patent Laws contained in 35 U.S.C. § 271 *et seq.*

Nuvico, a corporation incorporated in the State of Delaware with its principal place of business in New Jersey, moves to dismiss the present action for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Nuvico resells and services electronic video surveillance and security products, devices, and related equipment that is manufactured by others. Furthermore, with the exception of some sales to businesses located in Puerto Rico, NUVICO does not have any meaningful ties with the island. Nuvico argues that personal jurisdiction is absent because it lacks sufficient minimum contacts with Puerto Rico, and as such the continuation of this action would offend the traditional notions of fair play and susbtantial justice.

Alternatively, Nuvico moves to dismiss or transfer the instant action for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1400(b). Finally, Nuvico argues that in the event that this court finds that sufficient contacts exist to establish personal jurisdiction, Canatelo's claims for induced and contributory patent infringement should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

**ANALYSIS**

In order for a court to be able to adjudicate a case, the plaintiff must be able to show, by a preponderance of the evidence, that the court has personal jurisdiction over the

Civil No. 12-1430                                              3

parties.[1] M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1327 (Fed. Cir. 2010); see also Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002). Whenever the plaintiff fails to meet the burden of establishing a *prima facie* case of personal jurisdiction, a defendant can move to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(2).

The burden of establishing a *prima facie* case of personal jurisdiction is predicated upon a showing that the forum's long-arm statute grants jurisdiction and that its assertion is consistent with the Due Process Clause of the Constitution. Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc., 142 F.3d 1266, 1269-70 (Fed. Cir. 1998) (citations omitted). Since Puerto Rico's long-arm statute is coextensive with the limits of due process, we will compress it with constitutional inquiry of whether the exercise of jurisdiction in this case comports with due process. See Hannon v. Beard, 524 F.3d 275, 280 (1st Cir. 2008); see also Dainippon Screen, 142 F.3d at 1270 (citations omitted).

The constitutional test for personal jurisdiction consists of a "minimum contacts inquiry" and a "fairness inquiry." Marcinkowska v. IMG Worldwide, Inc., 342 Fed. App'x 632, 635

---

[1] Federal Circuit law governs the jurisdictional analysis in a case such as this one, where the claim involves issues of patent law. Autogenomics Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1016 (Fed. Cir. 2009).

Civil No. 12-1430                                                                    4

(Fed. Cir. 2009) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980)). Specifically, the Due Process Clause of the Constitution requires a court to first determine whether an out-of-state defendant has sufficient "minimum contacts" with the forum, and second, whether the exercise of jurisdiction offends the "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The exercise of personal jurisdiction comports with due process "if the defendant purposely avails itself of the privilege of conducting activities within the forum state, such that the defendant should reasonably anticipate being haled into court there." Marcinkowska, 342 Fed. App'x at 635 (internal citation and quotation marks omitted) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958); World-Wide Volkswagen, 444 U.S. at 297)).

Moreover, a court may assert either general or specific jurisdiction over an out-of-state defendant. General jurisdiction exists when the defendant's contacts with the forum state are "substantial" or "continuous and systematic," even if said contacts are unrelated to the cause of action. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984); see also United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 623 (1st Cir. 2001). This is a quite stringent and exacting standard, "as it permits a defendant to be hauled into court in

Civil No. 12-1430                                                    5

the forum state to answer for any of its activities anywhere in the world." <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 801 (9th Cir. 2004) (citation omitted); <u>see also</u> <u>Harlow v. Children's Hosp.</u>, 432 F.3d 50, 57 (1st Cir. 2005).

In the absence of general jurisdiction, a court may still exercise specific jurisdiction over the defendant if the plaintiff's cause of action arises from, or relates sufficiently to, the defendant's contacts with the forum. <u>Helicopteros</u>, 466 U.S. at 414; <u>Swiss Am. Bank</u>, 274 F.3d at 623. Courts must determine if specific jurisdiction exists by applying a three prong test, assessing "(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." <u>Nuance Commc'ns, Inc. v. Abby Software House</u>, 626 F.3d 1222, 1231 (Fed. Cir. 2010) (citing <u>Akro Corp. v. Luker</u>, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995)).

General jurisdiction is not an issue in this case. Canatelo does not dispute that general jurisdiction over Nuvico is lacking. Whether this omission was by inadvertence or conscious realization that Nuvico lacks "continuous and systematic" contacts with Puerto Rico, the argument is waived. <u>See</u> Local Rule 7 of the District of Puerto Rico. With respect to specific jurisdiction, Canatelo has failed to meet its burden to

Civil No. 12-1430                                           6

establish a *prima facie* case of personal jurisdiction. An
application of the three prong test requires us to conclude that
an assertion of specific jurisdiction over Nuvico would be
inconsistent with constitutional due process.

<u>Specific Jurisdiction</u>

   With respect to the first prong of the specific
jurisdiction analysis, Canatelo's main argument is that Nuvico
purposefully conducted business in the forum through an
established distribution channel with the expectation that its
products would be sold in Puerto Rico. According to Canatelo,
this distribution channel included an authorized dealer that
sold Nuvico's products in Puerto Rico. Canatelo argues that even
though Nuvico did not engage in direct sales in Puerto Rico, it
sold its products to various businesses, which in turn sold them
to consumers in the forum. These arguments are unavailing and
fall short from demonstrating that Nuvico purposefully directed
activities at residents of the forum.

   First, it cannot be said that Nuvico has purposefully
directed its sales to this forum so as to avail itself of the
benefits and protections of Puerto Rico law. Nuvico, for
example, has not engaged in marketing and advertising activities
in the forum and has neither targeted nor solicited sales in
Puerto Rico. Furthermore, contrary to Canatelo's assertions,

Civil No. 12-1430                                                    7

Nuvico does not have and has never had any contractual relation
with Security System Solutions, the alleged authorized dealer.
(Docket No. 26 Exhibit B). As evidenced in the declaration of
Joel Ocasio, President of Security System Solutions, Nuvico has
never contractually designated Ocasio's company as an
"authorized, exclusive or otherwise, reseller" of Nuvico's
products. Id. It follows that Nuvico has not demonstrated an
"intent or purpose to serve the residents of this forum" by
engaging in direct sales and making its products readily
accessible to consumers. See Commissariat A L'Energie Atomique
v. Chi Mei Optoelectronics Corp., 395 F.3d 1315, 1323 (Fed. Cir.
2005).

     Nuvico's only contact with Puerto Rico has been the sale
and shipment of some products to a few independent vendors since
2005. While it is true that Nuvico's volume of sales in Puerto
Rico since 2005 amounts to less than 1% of its total sales,
Canatelo is right in pointing out that Nuvico's sales is not a
dispositive factor under the first prong of the specific
jurisdiction analysis. See Ajax Realty Corp. v. J.F. Zook, Inc.,
493 F.2d 818, 821-22 (4th Cir. 1972) ("[A]lthough percentage of
total sales may be a factor to be considered, it cannot be
dispositive, for a small percentage of the sales of a
corporation giant may indeed prove substantial in an absolute
sense."). Regardless of how substantial were Nuvico's revenues

Civil No. 12-1430                                                8

in Puerto Rico, Nuvico's shipments to two businesses in this forum were at best isolated and sporadic.

In Beverly Hills Fan Co. v. Royal Sovereign Co., the court exercised personal jurisdiction over two defendants on the basis that defendants had placed the accused product in the stream of commerce, which resulted in the presence of fifty-two fans in the forum state, *and* had provided a warranty to those residents that purchased the product. 21 F.3d 1558, 1563-65 (Fed. Cir. 1994). Unlike the ongoing relationship that existed between defendants and the forum in Beverly Hills Fan Co., there is no evidence in this case that Nuvico has targeted Puerto Rico residents or that it has served consumers through established distribution channels. See Id. at 1566 n. 15 ("The presence of an established distribution channel is a significant factor in the cases . . . involving the stream of commerce theory. In [those] cases, in which jurisdiction over the non-resident was found to exist, there was an established distribution channel into the forum."). Likewise, there is no evidence that the Nuvico products sold in Puerto Rico are covered by a valid Nuvico warranty. Since Nuvico's sporadic and isolated shipments to Puerto Rico have been at the request of third parties, Nuvico's contacts with Puerto Rico are far less extensive than defendants' contacts with the forum state in Beverly Hills. See AFTG-TG, LLC v. Nuvoton Technology Corp., 689 F.3d 1358, 1365

Civil No. 12-1430                                                9

(Fed. Cir. 2012) (holding that defendants' sporadic and isolated shipments to the forum state were insufficient to establish personal jurisdiction); <u>see also</u> <u>Southco Inc., v. Fivetech Technology Inc.</u>, -- F. Supp. 2d --, 2011 WL 71440 at *5 (E.D. Pa. Jan 10, 2011) (citation omitted) (holding that a defendant "will not be hauled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person").

Even assuming that Nuvico has purposefully directed its activities towards Puerto Rico residents so as to invoke the benefits and protections of the forum's laws, Canatelo has failed to establish that its patent infringement claim arises out or relates to Nuvico's activities towards the forum. Canatelo's failure to satisfy the relatedness prong of the specific jurisdiction analysis is fatal to its *prima facie* case. "When the nexus between the forum contacts and the cause of action is too attenuated," such as in this case, "it violates fundamental fairness to force a defendant with non-continuous or non-systematic contacts to defend [it]self in that forum." <u>Swiss Am. Bank</u>, 274 F.3d at 623 (citing <u>Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n</u>, 142 F.3d 26, 36 (1st Cir. 1998)). The relatedness prong "ensures fundamental fairness by protecting a defendant from being hauled into an out-of-state forum based on a single contact with that forum *that is wholly*

*unrelated to the suit at issue*." <u>Swiss Am. Bank</u>, 274 F.3d at 623
(citing <u>World-Wide Volkswagen</u>, 444 U.S. at 291-92; <u>Phillips</u>
<u>Exeter Acad. v. Howard Phillips Fund</u>, 196 F.3d 284, 288 (1st
Cir. 1999)) (emphasis added). It follows that the absence of
evidence linking Canatelo's claim to Nuvico's limited contacts
with Puerto Rico precludes this Court from exercising personal
jurisdiction over Nuvico. In other words, Nuvico's contacts with
Puerto Rico are not sufficiently connected with Canatelo's cause
of action to satisfy due process.

In <u>Nuvoton</u>, the Federal Circuit noted that because the
record contained no evidence that defendants' isolated and
sporadic shipments to the forum state included the allegedly
infringing products, the plaintiff's patent infringement claims
did not arise from -or were otherwise related to- these drop
shipments. 689 F.3d at 1361-62. Similarly, there is no evidence
in this case that Nuvico's drop shipments included the putative
infringing products. The EasyNet DVRs, which became available on
September 2011, have never been sold, shipped, or even used in
Puerto Rico since that date. Since Nuvico's only contacts with
Puerto Rico consist of sporadic and isolated shipments of
products that are not those allegedly infringing on Canatelo's
patents, there is no nexus between Nuvico's limited activities
in the forum and Canatelo's patent infringement claim. <u>Cf.</u>
<u>Beverly Hills Fan Co.</u>, 21 F.3d at 1565 (finding that the cause

Civil No. 12-1430                                                    11

of action for patent infringement was related to defendant's activities towards the forum because defendants purposefully shipped the accused fan into the forum state). Consequently, Canatelo's patent infringement claim does not arise out of, or sufficiently relate to, Nuvico's activities in the forum for purposes of establishing specific jurisdiction.

    Finally, there is no need to delve into the arguments concerning the third prong of the test. See Swiss Am. Bank, 274 F.3d at 626 ("[I]f the plaintiff fails to make a strong showing with respect to the first two prongs, then the exercise of personal jurisdiction is more likely to be found unreasonable under the third prong."); see also Akro, 45 F.3d at 1549 (citations omitted). Canatelo is not being deprived of pursuing its patent infringement action in another forum that has personal jurisdiction over Nuvico, such as Delaware and New Jersey. Since there has been no purposeful contact related to Canatelo's cause of action, an exercise of personal jurisdiction over Nuvico would necessarily be unreasonable and one that would offend "the traditional notions of fair play and susbtantial justice." International Shoe, 326 U.S. at 316.


    Jurisdictional Discovery

    Canatelo argues that it is entitled to jurisdictional discovery in the event that there is not sufficient evidence to

justify the assertion of personal jurisdiction over Nuvico.[2] The
First Circuit has stated that "a *diligent plaintiff* who sues an
out-of-state corporation and who *makes out a colorable case for
the existence of in personam jurisdiction* may well be entitled
to a modicum of jurisdictional discovery if the corporation
interposes a jurisdictional defense." Grp. of Former Employees
of Sprague Caribe v. Am. Annuity Grp., Inc., 388 F. Supp. 2d 3,
5 (D.P.R. 2005) (quoting Sunview Condominium Ass'n v. Flexel
Int'l, Ltd., 116 F.3d 962, 964 (1st Cir. 1997)) (emphasis
added). Moreover, the plaintiff's "failure to allege specific
contacts, relevant to establish personal jurisdiction, can be
fatal to jurisdictional discovery request." Mapfre Puerto Rico
v. Guadalupe-Delgado, 608 F. Supp. 2d 255, 263 (D.P.R. 2009)
(citing Swiss Am. Bank, 274 F.3d at 626-27).

Canatelo is not entitled to jurisdictional discovery in
this case for various reasons. First, Canatelo has failed to
allege specific activities that Nuvico purposefully directed
towards the forum and that were sufficiently related to the
patent infringement action at bar. By failing to do so, Canatelo
did not make a colorable case for the existence of personal
jurisdiction over Nuvico. Nuvico has effectively refuted

---

[2] Since jurisdictional discovery is a procedural matter that is
not unique to patent law, the decision of whether to grant or
deny a party's request for jurisdictional discovery is governed
by the law of the regional circuit. Nuance, 626 F.3d 1222.

Canatelo's few specific factual allegations, such as the existence of the so-called authorized dealer. With the exception of the authorized dealer allegation, Canatelo has relied almost exclusively on "conclusory non-fact-specific jurisdictional allegations." Jazini v. Nissan Motors Co., 148 F.3d 181, 185-86 (2d Cir. 1998). This conclusory approach reflects Canatelo's lack of diligence in providing sufficient evidence to satisfy the jurisdictional three-prong test. When this happens, a request for jurisdictional discovery should be rejected. See id. (denying plaintiff's request for jurisidictional discovery on the basis that the plaintiff made conclusory allegations against the defendant); see also McLaughlin v. McPhail, 707 F.2d 800, 806 (4th Cir. 1983) (denying jurisdictional discovery on the basis that plaintiff "offered nothing beyond his bare allegations that the defendants had had significant contacs with the [forum] state. . . .").

    In United States v. Swiss Am. Bank, Ltd., the court denied a request for jurisdictional discovery on the basis that the government offered "scant evidence" to support the fact that they had stated a "colorable claim in satisfaction of the minimum contacts requirement for specific jurisdiction." 116 F. Supp. 2d 217, 222 (D. Mass. 2000). The court emphasized the government's failure to make a colorable claim as to the relatedness element of the test for specific jurisdiction. Id.

Similarly, Canatelo "has made no colorable claim sufficient to entitle it to any further discovery." Id.

Finally, Canatelo's request for jurisdictional discovery is "aimed upon finding the exact amount of sales that Nuvico has undertaken in Puerto Rico over the years; the products that have been sold to Puerto Rico customers directly or through resellers and/or authorized dealers and the purchasing system and agreements between Nuvico and its Puerto Rico resellers and/or authorized dealers." (Docket No. 15). Nuvico, however, has already submitted declarations and affidavits that refute some of Canatelo's conclusory allegations and provide substantial information that is relevant to the present jurisdictional inquiry. Furthermore, the information that Canatelo requests would not cure the insufficiency of evidence necessary to satisfy the second prong of the personal jurisdiction test. This information is mostly irrelevant for purposes of establishing the nexus between Nuvico's limited activities towards the forum and Canatelo's cause of action. Since Canatelo failed to make a colorable claim for jurisdiction, its request for jurisdictional discovery is denied. See Nuance, 626 F.3d at 1236 (citations and quotation marks omitted) (stating that a court may deny jurisdictional discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction, or where the request for discovery is

Civil No. 12-1430                                          15

based on little more than a hunch that it might yield jurisdictionally relevant facts.").


## CONCLUSION

For the reasons stated above, the Court **GRANTS** Nuvico's motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. As a result, Canatelo's patent infringement claim against Nuvico is **dismissed without prejudice**. Consequently, this court need not entertain Nuvico's other motions to dismiss under Fed. R. Civ. P. 12(b)(3) for improper venue and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief cannot be granted.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of August, 2013.


                                   S/Jay A. Garcia-Gregory
                                   JAY A. GARCIA-GREGORY
                                   United States District Judge